```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JOHN JACOBS,**

                **Plaintiff,**

        **v.**                      **CASE NO.  08-3168-SAC**

**LYON COUNTY**
**DETENTION CENTER,**

                **Defendant.**

### O R D E R

This civil complaint was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Plaintiff names as defendant the Lyon County Detention Center in Emporia, Kansas.

As the basis for his complaint, Mr. Jacobs alleges that while he was in the Lyon County Jail, he became ill, started to vomit blood, couldn't walk, and couldn't see clearly. He was seen by a doctor, who told jail employees plaintiff was showing signs of a stroke. Plaintiff claims he remained on the floor in the jail and was not moved to a hospital for three days. He further claims he can no longer write, work, or talk well, and that he has memory loss. He seeks damages of five million dollars.

The threshold question that arises from the complaint and attachments is when did the events upon which the complaint is based actually take place. In his letter attached to the complaint and referred to as his statement, Mr. Jacobs stated he was 37 when he had "the strokes." He was born in July, 1967, so he would have turned 37 in July, 2004. Thus, he apparently had the strokes in March or April, 2005. It further appears that the events upon which the complaint is based occurred in 2005 because plaintiff's KDOC

physical location history indicates the last time he was moved to Winfield Correctional Facility, where he states he was an inmate when he wrote his statement describing these incidents, was in May 2005. Moreover, the date of plaintiff's statement is marked over, but it appears to be September, 2005. If the events upon which plaintiff bases his complaint occurred in 2005, he is barred by the statute of limitations from seeking money damages based thereon. There is a two-year statute of limitations for bringing civil rights action under 42 U.S.C. § 1983.

Moreover, plaintiff has not named an appropriate defendant. He may not sue the Lyon County Detention Center, which is a place and not a person. In a Section 1983 lawsuit, the defendant must be the person or persons who directly participated in the acts or inactions of which the plaintiff complains.

Plaintiff has also filed a motion for leave to proceed in forma pauperis; however, he was a "new court commitment" on March 27, 2008, and provides only two months of financial data with his motion. He will be ordered to provide the court with his Inmate Account Statement for June and July, 2008. Plaintiff will be also be given time to provide the court with the dates upon which the events occurred which are the subject of this lawsuit and to show cause why this action should not be dismissed as barred by the statute of limitations and for failure to name a proper defendant. If plaintiff fails to comply with this Order in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that within thirty (30) days plaintiff must: (1) provide the court with the dates upon which he showed

signs of a stroke at the Lyon County Jail and was not moved to a hospital for three days, and if those dates are in 2005 plaintiff must show cause why this action should not be dismissed as barred by the statute of limitations; (2) name a proper defendant; and (3) submit a copy of his inmate account statement for June and July, 2008.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

3