```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JOHN JACOBS,**

                **Plaintiff,**

                v.                CASE NO.  08-3168-SAC

**LYON COUNTY**
**DETENTION CENTER,**

                **Defendant.**

### O R D E R

This civil rights complaint was filed on July 8, 2008. Upon screening, the court entered an Order finding plaintiff had not submitted sufficient financial information in support of his motion for leave to proceed in forma pauperis, had not named a proper defendant, and that his claims appeared to be barred by the statute of limitations. Plaintiff was given time to show cause why this action should not be dismissed for the reasons stated in the court's Order dated August 1, 2008. In response, plaintiff has submitted an Amended Complaint naming new defendants, and has submitted additional facts, exhibits, and financial information. The court proceeds to screen the Amended Complaint.

As Mr. Jacobs was previously informed, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In his Amended Complaint, plaintiff names four defendants: Nurse Sarah Rees, and three employees at the Lyon County Detention Center (LCDC), namely Eula Tate, Brett VanGundy, and Margaret Hughes. He alleges that while he was confined at the LCDC on either April 1 or 2, 2005, he became ill and was found by defendants with symptoms including throwing up blood and inability to walk or see clearly. He further alleges that officers put him in a holding cell and did not "attend to his medical needs," but also that he remembers seeing a doctor. He alleges the doctor told "the officers" he was "showing signs of a stroke," but "defendants did nothing about it." He alleges he was left in the holding cell for 3 days before he was taken to a hospital. He indicates he was not given food, drink, or medication for severe headaches for two days, upon phone orders of defendant Nurse Rees who did not come in over that weekend to examine him and thought he could just have an irritated stomach. When she did see him on April 4, she immediately transported him to an emergency room. Plaintiff claims that as a result, he now cannot write or work, and has difficulty communicating because his speech is very slurred. He asserts he was subjected to cruel and unusual punishment by defendants who were deliberately indifferent to his serious medical condition. He seeks five million dollars for denial of medical care and for the excessive pain and torture he went through in the holding cell.

Plaintiff has attached to his complaint some jail and medical records relevant to the incident, which are dated April 2 through April 8, 2005. These exhibits indicate a "discharge

2

diagnosis" on April 8, 2005, of Cerebellar cerebrovascular accident, Episode of meningitis, improved, and Dysarthric speech. The "discharge summary" indicates "residual effects of his stroke" including cognitive impairment, dysarthric speech, and impaired memory, thought processing, and problem solving.  Mr. Jacobs was to be discharged home to independent living with his wife, and to continue therapy on an outpatient basis.

Plaintiff has also attached a responsive letter he received from an attorney dated June 23, 2008, stating, in part:

> "As you have previously been advised the statute of limitations has expired on any claim you had against the county.  As you know, I filed a claim as required by Kansas law on January 11, 2007.  On March 19, 2007, I wrote to you advising that based upon my investigation I would not be able to handle your case because it did not appear there was any negligence on the part of the county.  I asked in that letter if you were going to proceed with your case to let me know immediately.  I never heard from you prior to the running of the statute of limitations.  You are now barred from bringing a law suit against the county."

Plaintiff alleges he believed the attorney who wrote this letter was working on his case, and that he never received any call or communication from him other than the above letter after the limitations period had run.  He argues that it would be a "grave injustice" to dismiss his case, and that justice would be served by his receiving any monetary compensation he deserves.

It is well established that claims under § 1983 "are subject to the statute of limitations for personal injury in effect in the state where the alleged violations occurred."  Shaw v. Simmons, 91 Fed.Appx. 93, 94-95 (10th Cir. 2004)(citing see Garcia

3

v. Wilson, 731 F.2d 640, 642-43, 651 (10th Cir. 1984)). "In Kansas, the applicable period of limitation is two years." Id. at 95 (citing Kan.Stat.Ann. § 60-513(a)(4)); see Hamilton v. City of Overland Park, 730 F.2d 613, 614 (10th Cir. 1984), cert. denied, 471 U.S. 1052 (1985). Because Mr. Jacobs' complaint, filed in July 2008, arose from injuries that occurred more than three years earlier, on its face this complaint appears to be time-barred.

Plaintiff suggests the court should equitably toll the limitations period. However, he does not refer to any grounds under Kansas law for such tolling. He does not allege that his access was impeded by a legal disability or a party, or that he was unaware of the alleged injuries at the time they occurred. Instead, he alleges he "thought all this time" an attorney was working on his case. His exhibit of that attorney's letter regarding his claim tends to refute rather than support this allegation. Moreover, plaintiff does not provide a copy of any communication by him to the attorney directing him to proceed with a civil action after his "claim required by Kansas law" was denied or inquiring about his case during the limitations period. The court concludes that this action is time-barred.

Moreover, even if this claim were somehow not considered time-barred, plaintiff has failed to allege sufficient facts to show a violation of the Eighth Amendment. He does not allege facts showing that the delay of two to three days in providing hospital care caused "substantial harm" over and above what resulted from his stroke and other medical conditions. Olson v. Stotts, 9 F.3d

4

1475 (10th Cir. 1993)(a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.). Nor does he show that defendants' acts during those two to three days amounted to more than negligence in initially diagnosing his symptoms. <u>See Fitzgerald v. Corrections Corporation of America</u>, 403 F.3d 1134, 1143 (10th Cir. 2005)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")(internal quotation marks omitted)).

Plaintiff has also filed a "Motion for Court Order" (Doc. 8) in which he seeks appointment of counsel and discovery of documents. These motions and his motion for leave to proceed without fees are rendered moot by the court's disposition of the complaint.

**IT IS THEREFORE ORDERED** that the clerk shall file the new complaint attached to plaintiff's Response (Doc. 6) as plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Application to Proceed Without Prepayment of Fees (Docs. 2, 7) and his Motion for appointment of counsel and to compel discovery (Doc. 8) are denied as moot.

Dated this 14th day of April, 2009, at Topeka, Kansas.

                                                <u>s/Sam A. Crow</u>
                                                U. S. Senior District Judge